IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JULIO CARRASQUILLO SERRANO, ET AL. <br> Plaintiffs, <br><br> v. <br><br> C.D.T. OF CANOVANAS, ET AL. <br><br> Defendants | CIV. NO.: 15-1225 (SCC) |

**ORDER**

The issue at hand stems from a suit claiming medical malpractice and violations of the Emergency Medical Treatment and Labor Act ("EMTALA") filed against the Centro de Diagnóstico y Tratamiento of Canóvanas ("CDT"); the Municipality of Canóvanas; the operator of the C.D.T., S.M. Medical Services, C.S.P.; and Dr. Osvaldo Aviles-Ribot. Defendants CDT and the Municipality defaulted and a trial for damages ensued.[1] The jury awarded damages to all

---

[1] Of the two remaining co-defendants, one filed for bankruptcy, *see* Docket No. 38, and the other entered into an agreement with plaintiffs, *see* Docket No. 62.

plaintiffs. Docket No. 79. Accordingly, on August 30, 2017, the Court entered Judgment in favor of plaintiffs. Docket No. 81. The Judgment was later amended. Docket No. 84.

More than six months after entry of the Amended Judgment, the Municipality of Canóvanas filed its first submission in this case to move the Court to set aside the Verdict and the Amended Judgment. Docket No. 86. Premised on Fed. R. Civ. P. 60(b),[2] the Motion raises five grounds for the relief sought. First, the Municipality claims that service of process was ineffective because it was not performed on the Mayor herself but, rather, on one of the Municipality's in-house counsels. Second, that plaintiffs did not comply with the prior notice requirement set forth in Article 15.003 of Act 81-1991, which is jurisdictional in nature. Third, that the case had to be filed before the Commonwealth of Puerto Rico courts. Fourth, that the Municipal Legislature of Canóvanas did not authorize the Municipality to answer the Complaint. And, lastly, that the liability limits established in 21 L.P.R.A. § 4704 capped the judgment against the Municipality at $150,000.

Plaintiffs opposed the motion, arguing that the

---

2 Defendants rely mostly on Rule 60(b)(4) which provides that a court "may relieve a party…from a final judgment…if the judgment is void."

Municipality's request was belated; that service of process was proper; that any failure to comply with the notice requirement of Art. 15.003 had to be raised as an affirmative defense; that the minor defendants did not have to comply with such notice; and that any limitations on liability against the Municipality had to be timely asserted.

As a starting point we must note that a court's discretion in deciding a motion to set aside a final default judgment "may be guided by the moving party's 'reasonable promptness' or dilatoriness in seeking relief." *American Metals Service Export Co., v. Ahrens Aircraft, Inc.*, 666 F.2d 718, 720 (1st Cir. 1981)(citations omitted). The First Circuit has found that a five-month delay in seeking Rule 60 relief after a default judgment has been entered is sufficiently dilatory to warrant the denial of a Rule 60 motion. *Id*. at 720-21.

The delay in this case goes beyond the six-month mark, and the Municipality has not explained the reasons for failing to act sooner. Had service of process been ineffective, the Municipality would have a better defense. But the record supports the conclusion that plaintiffs performed a sufficient service of process upon the Municipality. Pursuant to Rule 4.4(h) or the Puerto Rico Rules of Civil Procedure, 32 L.P.R.A. Ap. III, service of process upon a municipality shall be made

by delivering a copy of the summons and complaint to the mayor, or to a person duly designated. In this case, the defendants served attorney Josue González, who worked as in-house counsel in the Municipality, and was authorized to accept service of process on behalf of the Municipality. *See* Docket No. 4. Therefore, the Municipality's claim that the Complaint could only be served on the Mayor is unsupported by legal authority.

Whether defendants complied with the notice requirement laid down in the Puerto Rico Autonomous Municipalities Act, 21 L.P.R.A. § 4001, *et seq.*, requires a more thorough analysis. The statute provides as follows:

> Any person who has a claim of any kind against a municipality for personal or property damages due to the fault or negligence of the municipality shall so notify the mayor, in writing, stating clearly and concisely the date, place, cause and general nature of the damages suffered. Said notification shall also specify the amount of monetary compensation or the kind of relief appropriate for the damages suffered, the names and addresses of his/her witnesses, the claimant's address and, in cases of personal damages, the place where medical treatment was first received.

21 L.P.R.A. § 4703. The notification shall be served within 90

days from the date in which claimant learned of the damages. *Id*. Failure to provide such notice is a jurisdictional defect. *Id*.

Defendants do not assert that they filed the § 4703 notice. Instead, they argue that the notice requirement is not "strictly jurisdictional" and must be raised as a defense. To that end, they reference a Puerto Rico Supreme Court case, *Guillermo Rivera Rivera v. Lucas Trinidad y El Estado Libre Asociado de Puerto Rico*, 100 P.R. Dec. 776 (1972).

The *Rivera* case does not deal with the § 4703 notice, but with the notice that plaintiffs must serve on the Commonwealth of Puerto Rico prior to filing pursuant to 32 L.P.R.A. § 3077a. The two notices are very similar, providing that the plaintiff must notify the pertinent authority, be it the Municipality, or the Commonwealth, within 90 days from the date in which it learned of the damages. In *Rivera*, the Court cited another Supreme Court opinion, *Insurance Co. of P.R. v. Ruiz*, 96 P.R. Dec. 175, 179-180 (1968), which held that the notification element in the law regulating actions against the Commonwealth of Puerto Rico, is not "strictly jurisdictional" and must be raised as any other non-privileged defense. *Rivera*, 100 P.R. Dec. at 780. The problem with *Rivera*, and *Ruiz*, is that both predate the Law of Autonomous Municipalities.

Even though defendants' cited authorities missed the

mark, our independent research shows that the Puerto Rico Supreme Court has often been flexible in applying the notice requirement found in Art. 15.003. The Supreme Court said as much in *Acevedo v. Mun. de Aguadilla*, 153 P.R. Dec. 788 (2001), when it stated that the notification requisite "does not reach the classification of jurisdictional precedent and there have been exceptions allowed where the legislative scheme lacks purpose or objective, or where there is no legal reason for its application."

For example, in *Rivera Hernández v. Mun. Carolina*, 190 P.R. Dec. 196 (2014), the Supreme Court reasoned that a personal notification upon the Mayor was not necessary. In that case, an Incident Report that the plaintiff presented at City Hall was found to satisfy the prior notice requirement under Art. 15.003. *Id.*, at 209.

Likewise, in *Acevedo,* the Court held that an appeal filed before the Puerto Rico Personnel Administration System Board of Appeals (known by its acronym in Spanish, J.A.S.A.P.) for the same set of facts that gave rise to the Complaint constituted the prior notice required by Art. 15.003.

The aforementioned precedent provides the proper roadmap for the resolution of the controversy before us. The

Municipality of Canóvanas was sued as the owner or operator of the C.D.T. where the medical malpractice and EMTALA violations occurred. The corporation that managed the C.D.T., S.M. Medical, appeared and was actively involved in the case until it filed for bankruptcy. Its insurer was also on notice of the ongoing legal action. *See* Docket No. 11. Given these facts, it is senseless to conclude that the Municipality was not aware of the action against it. As the case law repeatedly highlights, the notification requirement found in Art. 15.003 serves to put Municipalities on notice of legal actions filed against them. *See Acevedo*, 153 P.R. Dec. at 799. In this case, the Municipality was aware of the legal action against it stemming from the malpractice and EMTALA claims. Therefore, and in tandem with the "liberalizing" trend adopted by the Puerto Rico Supreme Court in applying the Art. 15.003 notice requirement,[3] we find that this Court does not lack jurisdiction to entertain the present action.

The other three grounds that defendants raise are equally unavailing. This is an action under EMTALA, with supplemental claims under state laws, and is thus properly

---

3 *See Acevedo*, 153 P.R. Dec. at 800 (noting that the Puerto Rico Supreme Court has been following a more flexible approach with regards to the notification requirement).

before the federal district court. As to the claim that the Municipal Legislature did not authorize the Municipality to answer the Complaint, the Court is not concerned with the internal workings of the Canóvanas Municipal Legislature and defendants have not explained in what way those proceedings constitute grounds for relieving them of a final judgment. Lastly, the defendant may properly assert the issue of the liability ceiling in a right of contribution action against the other co-defendants.

As a final note, we cannot lose sight of the time elapsed between the filing of the Complaint, the entry of Judgment, and the defendant's Motion to Set Aside. After a three-year inertia, the Municipality suddenly and inexplicably cried in defense after a jury verdict became final. Such unreasonable dilatoriness does not serve the ends of judicial efficiency and truth-seeking that courts must strive for.

**Conclusion**

For the reasons stated herein, defendants' Motion to Set Aside at Docket No. 86 is DENIED.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 5th day of July, 2018.

        S/ SILVIA CARREÑO-COLL
        UNITED STATES MAGISTRATE JUDGE